UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IRENE RODRIGUEZ, *et al.*,

    Plaintiffs,

        v.                                             Civil Action No. 11-1183 (JEB)

DOUGLAS SHULMAN, *et al.*,

    Defendants.

### MEMORANDUM OPINION AND ORDER

*Pro se* Plaintiffs Isidoro Rodriguez and his wife Irene (whose role in all of this remains unclear) have brought this suit as the latest in a long line of actions seeking to overturn his disbarment by the Virginia Bar Disciplinary Board, which became effective on October 27, 2006. See ECF No. 47-1, Exh. G (Order of Disbarment by D.C. Circuit referencing Virginia disbarment). In this current suit, the contents of which are largely incomprehensible, Plaintiffs again name a farrago of defendants, including Internal Revenue Service employees, D.C. Circuit judges, the clerk of the United States Supreme Court, former White House Counsels, Justice Department Officials, and Justices of the Virginia Supreme Court. See Am. Compl. at 1-5.

Plaintiffs then moved on Aug. 18, 2011, to disqualify the entire United States Attorney's Office for the District of Columbia (USAO/DC) from representing any of the federal defendants. See ECF No. 8. Plaintiffs argued that the USAO/DC could not represent those defendants because they "willfully acted outside of their authority" by concealing that the Supreme Court of Virginia had "promulgated unconstitutional court rules," and, "by acts of treason," the federal defendants "enforced the void order of the [Virginia Bar Disciplinary] Board to disbar Isidoro from federal practice." Id. at 1 (emphasis original).

1

Perhaps believing discretion to be the better part of valor, the USAO/DC withdrew, and the U.S. Attorney's Office for the Eastern District of Pennsylvania (USAO/EDPA) took over representation of the federal defendants in this matter.  See ECF No. 33 (Mot. for Enlargement of Time to Respond to Compl.), ¶ 1.  Undeterred, Plaintiffs have now filed a new Motion to Disqualify the USAO/EDPA from representing the federal defendants.

**I.   Analysis**

Although the basis of Plaintiffs' arguments remains elusive, they appear to maintain that the disqualification of the USAO/EDPA is mandated by three different sources of authority: 28 U.S.C. § 547, 28 C.F.R. § 50.15, and the U.S. Attorney Manual Chapter 3-2.170.  See Mot. at 1.  The Court will address each in turn after first looking at the law regarding disqualification of an entire United States Attorney's Office generally.

   A.  USAO Disqualification

The disqualification of an entire United States Attorney's Office is a step not to be taken lightly.  The Tenth Circuit has held that "we are strongly influenced by the fact that we can only rarely-if ever-imagine a scenario in which a district court could properly disqualify an entire United States Attorney's office.  Indeed, the disqualification of Government counsel is a drastic measure."  United States v. Bolden, 353 F.3d 870, 875-76 (10th Cir. 2003) (citing Bullock v. Carver, 910 F. Supp 551, 559 (D. Utah 1995)) (internal citations omitted).  Indeed, "because disqualifying an entire United States Attorney's office is almost always reversible error regardless of the underlying merits of the case, a reviewing court will rarely have to delve into the underlying claim to conclude that the disqualification was unwarranted."  Id. at 876.

In Bolden, the plaintiff entered into a plea agreement containing language that it was in the sole discretion of the United States to evaluate his cooperation in determining whether a

motion for downward departure from the Sentencing Guidelines or a reduction of sentence was appropriate. Id. at 873. The plaintiff then sent a letter to the U.S. Attorney's Office in the Western District of Oklahoma (USAO/WDOK), requesting that the Government seek a reduction of his sentence. Id. An Assistant United States Attorney notified him that the downward departure committee there had elected not to seek such reduction. Id. The plaintiff then moved to compel the Government to file a motion for reduction of sentence, alleging multiple instances of bad faith. Id. He also filed a motion to recuse the USAO/WDOK, and the district court entered an order disqualifying the entire Office, directing it to arrange for an Assistant United States Attorney from another district to respond to the original motion to compel. Id. The 10th Circuit, however, reversed the disqualification order and explained:

> [C]ourts have allowed disqualification of government counsel in limited circumstances. See, e.g., Young v. United States, 481 U.S. 787, 807 (1987) (actual conflict of interest because appointed prosecutor also represented another party); United States v. Heldt, 668 F.2d 1238, 1275 (D.C. Cir. 1981) (bona fide allegations of bad faith performance of official duties by government counsel in a civil case); United States v. Prantil, 764 F.2d 548, 552-53 (9th Cir. 1985) (prosecutor who will act as a witness at trial). . . . In light of these principles, every circuit court that has considered the disqualification of an entire United States Attorney's office has reversed the disqualification.

Id. at 878 -79.

Similarly, the Eleventh Circuit affirmed a district court's order refusing to disqualify counsel in United States v. Sharma, 394 Fed. Appx. 591 (11th Cir. 2010). In that case, the plaintiff asserted that the court should have disqualified an Assistant U.S. Attorney and the entire U.S. Attorney's Office for the Middle District of Florida from participating in her prosecution. Id. at 593-94. Specifically, she contended that it was foreseeable before trial that the Government would call the Assistant U.S. Attorney as a witness, yet the Government still proceeded under the indictment that that AUSA had obtained, even though the AUSA did not

3

represent the Government at trial. Id. at 594-95. Consequently, Plaintiff concluded that this denied her a fair trial because a lawyer may not serve both as a lawyer and a witness in the same case. Id. The Eleventh Circuit affirmed the denial of disqualification and cited to Bolden's language about the drastic nature of such a measure. Id. at 595; see also United States v. Hasarafally, 529 F.3d 125, 128 (2d Cir. 2008) ("[w]hile a private attorney's conflict of interest may require disqualification of that attorney's law firm in certain cases, such an approach is not favored when it comes to the office of a United States Attorney") (internal citations omitted).

Bearing in mind the unusual nature of Plaintiffs' request, the Court now turns to their specific allegations in support of disqualification.

    B. 28 U.S.C. § 547

Plaintiffs first contend that 28 U.S.C. § 547 permits only the USAO/DC to represent the United States or its employees in the District of Columbia. Mot. at 5-6. This statute, however, enumerates the duties of a United States Attorney, but does not limit representation of the Government in a particular district to the United State Attorney's Office for that district. In any event, 28 U.S.C. § 515 clearly provides:

> The Attorney General or any other officer of the Department of Justice, or any attorney specially appointed by the Attorney General under law, may, when specifically directed by the Attorney General, conduct any kind of legal proceeding . . . which United States attorneys are authorized by law to conduct, whether or not he is a resident of the district in which the proceeding is brought.

Furthermore, 28 U.S.C § 517 states:

> The Solicitor General, or any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States, or in a court of a State, or to attend to any other interest of the United States.

The statutes themselves thus deny Plaintiffs the relief they seek.

Nor does Plaintiffs' argument make any practical sense. For example, the USAO/DC routinely recuses itself from the prosecution of a defendant who is an employee of that office and even, on occasions, if he is a police officer who has worked closely with AUSAs in that office. Surely, Plaintiffs would not wish to bar recusal in such an instance.

C.  28 C.F.R. § 50.15

Plaintiffs next argue that, pursuant to 28 C.F.R. § 50.15, the United States Attorney's Office should not represent the federal defendants because their conduct was not within the scope of their employment. See Mot. at 6. Plaintiffs claim that under 28 C.F.R. §50.15, "representation is not available to a federal employee whenever the conduct 'does not reasonably appear to have been performed within the scope of employment,' and is not in the interest of the United States to provide representation." Id. Plaintiffs' subjective belief as to whether Defendants' conduct was within the scope of their employment is irrelevant because the language of the regulation makes clear it is for the Government to determine whether federal employees should receive representation. See 28 C.F.R. § 50.15 ("a federal employee . . . may be provided representation in civil . . . proceedings in which he is sued . . . when the actions for which representation is requested reasonably appear to have been performed within the scope of the employee's employment and the Attorney General or his designee determines that providing representation would otherwise be in the interest of the United States").

In this case, moreover, it is difficult to conceive how the federal defendants, most of whom are judges and high-ranking Justice Department officials, could be said not to have been acting within the scope of their employment.

D.  USAO Manual

Plaintiffs next turn to the United States Attorney Manual, Chapter 3-2.170, to mandate disqualification of the USAO/EDPA. See Mot. at 7-8. This chapter states that if the United States Attorney, or his office, becomes aware of an issue that could require recusal as a result of "a personal interest or professional relationship with the parties involved in the matter," recusal might be appropriate. See U.S. Atty. Manual, Ch. 3-2.170. The chapter does not mandate recusal or disqualification, but rather outlines a procedure that should be followed if the U.S. Attorney becomes aware of a matter that might require recusal. Id.

Plaintiffs contend that recusal here is appropriate because the USAO/EDPA may be a party or witness in Plaintiffs' litigation with the Internal Revenue Service. To support this novel theory, Plaintiffs allege:

> The evidence confirms that the Internal Revenue Code has been criminally violated by government employees in Philadelphia, Pennsylvania, conspiring to declare Irene and Isidoro's law office operating and litigation expenses "frivolous" based on "legal" so to unlawfully assess taxes greater then [*sic*] that permitted by law. Thus, the AUSA for ED of Penn., is either a witness or a party, depending on discovery of additional information, and must recuse.

Mot. at 8. It is unclear precisely what Plaintiffs mean here or how this is a basis to disqualify the whole office.

Even if it were a solid allegation that some member of the USAO/EDPA might be a witness, a failure of a United States Attorney's Office to comply with Chapter 3-2.170 of the Manual provides no basis upon which Plaintiffs could bring a motion to disqualify. See, e.g., United States v. Fernandez, 231 F.3d 1240, 1246 (9th Cir. 2000) ("To begin, it is clear that the USAM does not create any substantive or procedural rights, including discovery rights. The USAM explicitly states that [t]he Manual provides only internal Department of Justice guidance. It is not intended to, does not, and may not be relied upon to create any rights, substantive or

procedural, enforceable at law by any party in any manner civil or criminal."); <u>United States v. Blackley</u>, 167 F.3d 543, 548-49 (D.C. Cir. 1999) ("violations of [DOJ] Manual policies by DOJ attorneys or other federal prosecutors afford a defendant no enforceable rights").

## II.     Conclusion

As disqualification of the USAO/EDPA is neither mandated nor warranted under 28 U.S.C. § 547, 28 C.F.R. § 50.15, or the U.S. Attorney Manual, the Court ORDERS that Plaintiffs' Motion is DENIED.

**IT IS SO ORDERED.**

/s/ *James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  Feb. 16, 2012